## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

IN RE:                                              )
DAVID ALAN BROOKS AND                               )        CASE NO.  26-11182-PMM
ALISA BROOKS                                        )              CHAPTER 13
DEBTORS                                             )
                                                    )

## MOTION FOR EXTENSION OF CHAPTER 13 BANKRUPTCY PLAN

## RESPONSE TO MOTION TO DISMISS CASE FILED BY TRUSTEE

We are seeking a motion for extension to counter the motion to dismiss by trustee Kenneth West, filed

on 7/20/26, and to allow the time to consult with and potentially retain a bankruptcy attorney.

**FILED**
JUL 2 8 2026
CLERK OF COURT
DEP. CLERK
BY _____

The lack of approval or dismissal to the prior motions left us, as pro-se debtors, in the dark as to the

nature of our case. With an objection filed to our plan, and our subsequent motion for procession left

unresolved, we were unsure as to whether or not we should be making the good faith payments outlined

in our plan. A confirmation of the objection would have forced us to submit a new plan with a

potentially different financial outcome. After checking multiple times and finding no clear decision

posted in PACER, we waited to be notified of a decision that ultimately never came.

Having been locked out of paying our mortgage and car loan payments by our creditors, we are willing

and more than able to make the good faith monthly payments as described in our plan.

We are also seeking an extension due to Alisa Brooks' loss of employment. She is actively seeking

employment since, but is currently filing unemployment claims at this time. In light of this changing

situation, I, David Brooks, am actively seeking higher paying work to bridge the gap in income. The

potential change in income could completely change the dynamics of our case. Approving this

extension would give us the time we need until our changing financial situation can be resolved. We are

asking the court for an additional 60 days to allow us this to occur.

We are also seeking access to submit documents electronically on PACER. As shown in Exhibit A, our

trustee Kenneth West emailed me on 5/28/26 at 4:07pm to say, and I quote, "**Please be advised as**

**follows: As pro se debtors you are held to the same standard as attorneys regarding the Chapter**

**13 process**.". If we are to hold the same responsibilities as an attorney then we should be given the

same privileges as one. Forcing pro se debtors to physically deliver documents when the mechanism to

submit them electronically not only exists, but is the de facto method by which attorneys, whose

standards we are being held to, submit documents to the court, is not only an unreasonable burden, but

also a hypocritical one. This furthers our allegations made  our trustee that the complexity of

bankruptcy courts are purposefully designed to push pro se debtors into the offices of bankruptcy

lawyers due to not only this unreasonable burden, but others that we have experienced as well.

We plead with the court to update our docket through PACER with the appropriate decisions on our

case for the foreseeable future so that we may know how to properly respond and comply with the

requirements therein.

David Brooks

7/27/2026

Alisa Brooks

7/27/2026

M Gmail

David Brooks <daveabrooks@gmail.com>

n Regard of DAVID ALAN BROOKS and ALISA BROOKS (26-11182-PMM)

Ken West <kwest@ph13trustee.com>                                                    Thu, May 28, 2026 at 4:07 PM
To: David Brooks <daveabrooks@gmail.com>, "alisabrooks815@gmail.com" <alisabrooks815@gmail.com>
Cc: Joeslee Semeraro <jsemeraro@ph13trustee.com>

David/Alisa:


Please be advised as follows:


As pro se debtors you are held to the same standard as attorneys regarding the requirements of the Chapter 13 process.  The requirement that pay advices be posted on the Court docket is a mandatory requirement under the Bankruptcy Code:


*Pay advices or a certification of no pay advices should be filed when filing the original petition or within 14 days of the petition filing date*

There has been less than full compliance with the requirements of Local Rule 1007-4, as reproduced below (effective 12/01/17). This creates an unnecessary administrative burden on the chapter 13 office, and may prevent a thorough 341 meeting. Therefore, if there is a failure to comply with the rule by the originally scheduled 341 date, the meeting will not be held (unless and until there is compliance). Uploading pay advices to the chapter 13 office does not constitute compliance. Note also that under 11 U.S.C. §521(i)(1), the failure to comply within 45 days of the filing of the petition could result in an "automatic dismissal" of the case on the 46th day after the filing of the petition.


**Local Rule 1007-4 Submission of Evidence of an Employer's Payments Within 60 Days (Prepetition) of Filing the Petition**

A debtor shall comply with §521(a)(1)(B)(iv) by filing **with the court** (1) the required payment advices (pay stubs), or (2) the documents available to the debtor accompanied by a statement that sets forth the reason why some payment documents have not been submitted and the debtor's estimate of and other evidence, if any, of the payments received within the 60 day time period.


Apparently, you are missing the 3/20 stub for Alisa – Joeslee, per her instructions as the 341 clerk and incompliance with the Bankruptcy Code – requested that you docket that stub. To keep this case moving along, that stub (although necessary) is not going to stop the 341 from being heard at the next listing. But I'm requesting that you docket the same – under the tab employee income records.  Understand 60 days of Pay Advices are to be DOCKETED not submitted to our office via BKDocs.


As to the Court stating that you can email info – I'm not sure if they are talking about filing documents via Pacer access or not. But I'm unaware of the ability to email doc(s) to the Court.


The 341 scheduled for tomorrow is going to be re-scheduled to another day as you just received your IDs and SS Cards today which is outside the 7 day window for mandatory documents.


*§341(a) Mandatory Documents*


At least seven (7) days before the meeting of creditors, *the Statements, Schedules and Plan must have been filed with the Court* and we must have received (Via Upload to Bankruptcy Documents (bkdocs.us) the following documents: (1) copy of your *Federal tax return* for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the return; (2) *Acceptable Photo ID & Social Security Number Documents* and for *self-employed*

Additionally *Pay Advices or an Affidavit of No Pay Advices must be filed on the docket.*

*At least one (1) day before the meeting of creditors, you must file with the appropriate tax authorities (federal, state and local) all returns for all taxable periods ending during the 4-year period ending on the petition date.*

**THE 341 HEARING WILL NOT BE HELD IF THE MANDATORY DOCUMENTS ARE NOT UPLOADED PRIOR TO THE 7 DAY DEADLINE at 10:00 a.m.**

We now have all of the mandatory documents.  The 341 will move forward at the next listing.. Take Note: there's a lot more info needed.  Please take the time to familiarize yourself with the pro se section of our website.

I've taken the liberty to update the info in our system – with notes concerning outstanding documents for your review.

Joeslee will reschedule the 5/29 341 hearing to another day and email you the new date and time.

I'm attaching a draft copy of the 341 min sheet for your review.  Typically you would not receive a copy of the same until AFTER the 341.

Good luck



**Kenneth E. West, Esquire**

Chapter 13 Standing Trustee

190 N. Independence Mall West

Suite 701

Philadelphia, PA 19106

KWest@ph13trustee.com

Web Site Address: https://www.ph13trustee.com/

Phone:   215-627-1377, ext. 101

Fax:     215-627-6299

TeamMiller@ph13trustee.com    **All cases assigned to AMC/Chief Judge Ashely M. Chan and PMM/Patricia M. Mayer**

TeamHuggins@ph13trustee.com   **All cases assigned to DJB/Derek J. Baker**

341@ph13trustee.com   **341 Matters**

Info@ph13trustee.com   **General correspondence**

The information in this e-mail may contain privileged information intended only for the use of the addressee. If the reader of this e-mail is not this intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution or copying of this e-mail is strictly prohibited and any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful. If you have received this e-mail in error, please notify us immediately. Thank You

[Quoted text hidden]

**Brooks - Draft 341 min sheet.pdf**
997K